**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHI JONES,<br><br>                    Plaintiff,<br><br>          v.<br><br>CREDIT COUNSEL, INC.,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes JAHI JONES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CREDIT COUNSEL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 residing in Stanislaus County, California, which is located within the Eastern District of California.

5.   Defendant promotes itself as "a professional Debt Recovery organization based in South Florida, serving clients nationally and internationally since 1997."[1] Defendant is a corporation organized under the laws of the State of Florida, with its principal place of business located at 8362 Pines Blvd., Suite 316, Pembroke Pines, Florida 33024.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.    The instant action arises out of Defendant's attempts to collect upon defaulted medical bills ("subject debt") that Plaintiff's deceased mother purportedly owed.

8.    Around the summer of 2020, Plaintiff began receiving calls to his cellular phone, (916) XXX-6285, from Defendant.

---

[1] https://www.creditcounselinc.com/

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6285.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has primarily used the phone number (916) 374-7271 when placing calls to Plaintiff's cellular phone, but upon belief Defendant has used other phone numbers as well.

11.   Upon information and belief, the above referenced phone number ending in -7271 is regularly utilized by Defendant during its debt collection activity.

12.   Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

13.   Upon speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

14.   Plaintiff explained to Defendant that he is not responsible for the subject debt and that his mother's estate does not have any funds to satisfy the subject debt.

15.   Thereafter, Plaintiff demanded that Defendant cease contacting him because its collection calls were a constant reminder of his mother's death.

16.   Despite Plaintiff's demands, Defendant continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

17.   Plaintiff has received not less than 25 phone calls from Defendant since asking it to stop calling.

18.   Moreover, on at least one instance, Defendant threatened to pursue a lawsuit against Plaintiff and to report the subject debt on his credit reports even though Plaintiff is not responsible for the subject debt.

19.   Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding his rights, resulting in expenses.

3

20.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22.  Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1998.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

---

[2] https://www.acainternational.org/search#memberdirectory

4

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 25 times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

29. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**b.  Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. On at least one instance, Defendant threatened to initiate a lawsuit against Plaintiff and to report the subject debt on Plaintiff's credit reports even though Plaintiff is not responsible for the subject debt. From its actions, Defendant's intentions were to collect upon the subject debt outside of the judicial process by continuing with it deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him; Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

    **c.  Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JAHI JONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

39. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

40. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violations of RFDCPA § 1788.10 – 1788.17**

41. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

42.  As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692d, e, and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

43. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

7

WHEREFORE, Plaintiff, JAHI JONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Award any other relief as the Honorable Court deems just and proper.

Dated: September 10, 2020              Respectfully submitted,

                                       /s/ Nicholas M. Wajda
                                       Nicholas M. Wajda
                                       **WAJDA LAW GROUP, APC**
                                       6167 Bristol Parkway
                                       Suite 200
                                       Culver City, California 90230
                                       Telephone: 310-997-0471
                                       Facsimile: 866-286-8433
                                       E-mail: nick@wajdalawgroup.com